UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY MCNAIR,<br><br>                           Plaintiff,<br><br>         -against-<br><br>IMPERIAL ADVANCE; RYAN THOMPSON;<br>CAUCASIAN EMPLOYEE MICHAEL;<br>AFRICAN AMERICAN EMPLOYEE SCOTT,<br><br>                           Defendants. | 14-CV-8961 (LAP)<br><br>ORDER OF DISMISSAL |

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging that Defendants engaged in fraud and deceptive business practices.  By order dated December 5, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").  The Court dismisses the complaint for the following reasons.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff alleges that, on September 30, 2014, Defendant Imperial Advance Company mailed him a "bogus" check in the amount of $59,750 for "business operations" of which Plaintiff "has no knowledge." Plaintiff further alleges that Defendants tried to "misappropriate these funds" and "defraud the government," as evidenced by the lack of an account number on the check. On October 1, 2014, Plaintiff visited Defendants' business to inquire as to the validity of the check. Defendant Michael "informed Plaintiff that the check was legitimate and cashable without an account number and that Plaintiff would be eligible to receive" a business loan. Plaintiff does not allege that he attempted to cash the check.

Plaintiff appears to bring this claim based on his belief that Defendants are operating a "bogus money lending company" that is "unfair to people living in poverty" and the "taxpayers." Plaintiff demands $100,000 in damages from each defendant and requests that the Court order Defendants "to shut down this Ponzi scheme for good."

**DISCUSSION**

*A. Standing*

As an initial matter, it appears that Plaintiff lacks standing to bring this action. The requirement of standing is derived directly from the "case and controversy" clause of the Constitution, *see* U.S. CONST. art. III. § 2, cl.1, and is "a threshold question in every federal case," *In re Bennett Funding Grp., Inc.*, 336 F.3d 94, 99 (2d Cir. 2003). To demonstrate standing to bring a lawsuit, Plaintiff must show that: (i) he has personally suffered some actual or threatened injury as a result of Defendants' alleged unlawful conduct; (ii) the injury is fairly traceable to Defendants' conduct; and (iii) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); *Pashaian v. Eccelston Prop., Ltd.*, 88 F.3d 77, 82 (2d Cir. 1996).

Because Plaintiff does not allege that he suffered any specific, concrete injury traceable to Defendants' actions, he fails to establish that he has standing to bring this action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 69, 62 (2d Cir. 2012).

### B. Subject Matter Jurisdiction

Even if Plaintiff did have standing to bring these claims, the action would be subject to dismissal for lack of subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative…").

#### 1. Federal Question

While Plaintiff does not state the statutory basis for this action, his allegations do not suggest a basis for jurisdiction under § 1331. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's

3

complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Because Plaintiff's claims that Defendants engaged in fraud or deceptive business practices do not arise under a federal statute or the United States Constitution, this Court lacks federal question jurisdiction over this action.

### 2. Diversity of Citizenship

Federal jurisdiction is also not available under 28 U.S.C. § 1332 because complete diversity of citizenship between Plaintiff and Defendants is lacking. "It is well established that for a case to come within [§ 1332] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship.

Because Plaintiff's complaint fails to state a claim over which this Court has subject matter jurisdiction, this action is dismissed.

## C. Litigation History

Plaintiff has filed numerous civil rights cases in federal court. *See McNair v. Office of Medicaid Inspector Gen.*, No. 14-CV-8269 (UA) (S.D.N.Y. filed Oct. 15, 2014); *McNair v. Doe,* No.14-CV-975 (LAP) (amended complaint pending); *McNair v. Schriro*, No. 13-CV-6197 (LAP) (dismissed for failure to prosecute); *McNair v. Doe*, No. 13-CV-0002 (LAP) (S.D.N.Y. Mar. 4, 2013) (dismissed as duplicative); *McNair v. Kelly,* No. 13-CV-728 (RJS) (S.D.N.Y. July 28, 2014) (settled); *McNair, et al., v. Rivera*, No. 12-CV-7055 (ALC) (S.D.N.Y. Nov. 12, 2013) (settled as to Plaintiff); *McNair v. Rivera*, No. 12-CV-6212 (ALC) (S.D.N.Y. June 13, 2014)

(settled); *McNair v. Stevens*, No. 12-CV-4529 (LAP) (S.D.N.Y. July 2, 2012) (dismissed for lack of subject matter jurisdiction); *McNair v. Chase Bank*, No. 12-CV-3581 (E.D.N.Y. Oct. 22, 2012) (dismissed for failure to state a claim); *McNair v. Fiscer*, No. 11-CV-6600 (PGG) (S.D.N.Y. Sept. 23, 2014) (granting summary judgment to defendants); *McNair v. Kelly*, No. 08-CV-3439 (GBD) (S.D.N.Y. Nov. 15, 2011) (dismissed for failure to prosecute); *McNair v. Kirby Psych. Ctr.*, No. 09-CV-6660 (SAS) (S.D.N.Y. Nov. 5, 2010) (summary judgment granted for defendants); *Stevens v. Hess*, No. 07-CV-6998 (HB) (S.D.N.Y. Aug. 5, 2010) (settled); *McNair v. Wards Island DHS Police*, No. 03-CV-6628 (LTS)  (S.D.N.Y. Feb. 27, 2006) (dismissed for failure to prosecute); *McNair v. Dep't of Corr.*, No. 94-CV-6126 (AGS) (S.D.N.Y. Oct. 2, 1995) (dismissed for failure to prosecute).  This list is not exhaustive.

In light of this litigation history, the Court finds that Plaintiff was or should have been aware of the requirements for federal subject matter jurisdiction when he filed this complaint. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).").  Accordingly, Plaintiff is warned that the filing of further meritless litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission.  *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.  The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 16, 2015
       New York, New York

_____
LORETTA A. PRESKA
Chief United States District Judge